IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| T.W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. |
| SAS HOTELS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY

## AND

## BRIEF IN SUPPORT THEREOF

Plaintiff T.W., by and through counsel, respectfully requests that this Court allow Plaintiff to bring this action anonymously and grant a protective order pursuant to Federal Rules of Civil Procedure 26(c) to ensure Defendant keeps Plaintiff's identity confidential throughout the pendency of the lawsuit and thereafter.

## FACTS

Plaintiff T.W. is a minor victim of sex trafficking. Plaintiff was trafficked for sex at Defendant's hotel in 2013 and 2014, when she was a minor.

During her trafficking, T.W.'s traffickers carried weapons and were violent

with her, and their current activities and the activities of their associates, legal or illegal, are unknown.  Given her age, and the intimate and private nature of the information T.W. must disclose over the course of this case, T.W. does not wish to be publicly identified as a sex trafficking victim.  In addition, she has a legitimate fear of retaliation from her former sex traffickers and their associates.

## ARGUMENT AND CITATION OF AUTHORITY

Generally, parties to a lawsuit must identify themselves in their respective pleadings pursuant to Federal Rule of Civil Procedure 10(a).  *Roe v. Aware Women Center for Choice, Inc*., 253 F. 3d 678, 685 (11th Cir. 2001).  However, "there are some circumstances in which a plaintiff may proceed anonymously." *Doe v. Barrow County, Ga.*, 219 F.R.D. 189, 191 (N.D. Ga. 2003).

In determining whether a plaintiff may proceed anonymously, the Eleventh Circuit has held that the ultimate test is "whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F. 2d 320, 323 (11th Cir. 1992).  In making this determination, courts first consider a three-factor test, taking into consideration whether the case involves: "(1) plaintiffs challenging governmental activity; (2) plaintiffs required to disclose information of the utmost intimacy; and (3) plaintiffs compelled to admit their intention to engage

in illegal conduct, thereby risking criminal prosecution." *Id*.  This case implicates the second factor, as the disclosure of T.W.'s identity would disclose information of "the utmost intimacy"—specifically, T.W.'s status as a victim of minor sex trafficking.

However, the three-factor test is only the first step in determining whether to let a plaintiff proceed anonymously.  In addition, the Eleventh Circuit has identified other factors, including "whether the plaintiffs are minors, whether they are threatened with violence or physical harm by proceeding in their own names, and whether their anonymity poses a unique threat of fundamental unfairness to the defendant."  *Plaintiff B v. Francis,* 631 F. 3d 1310, 1316 (11th Cir. 2011). Because the totality of the circumstances favor T.W.'s anonymity, the Court should grant Plaintiff's Motion.

**I.      Disclosure of T.W.'s identity would reveal information that is of the utmost intimacy.**

T.W. has a substantial privacy right in guarding the sensitive and highly personal information she must disclose in the course of this lawsuit. "Where the issues involved are matters of a sensitive and highly personal nature, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Plaintiff B v. Francis,* 631 F. 3d 1310, 1318 (11th Cir. 2011).  In *Plaintiff B*, the Eleventh Circuit held that descriptions of the plaintiffs

while nude and engaging in explicit sexual conduct "could not be of a more sensitive and highly personal nature," and thus the district court should have allowed the plaintiffs to proceed anonymously. *Id*. Similarly, the issues in this case involve graphic descriptions of T.W. engaged in coerced sexual activity as the victim of child sex trafficking, and she should be allowed to proceed anonymously.

Additionally, the Eleventh Circuit has considered whether a plaintiff will be required to admit an intent to engage in prohibited conduct as a factor in granting a plaintiff's request to proceed anonymously. *Doe v. Frank*, 951 F. 2d at 324. In this case, T.W. will be required to admit such acts, specifically that she engaged in forced prostitution. Accordingly, the Court should weigh this factor in favor of granting Plaintiff's motion.

## II.    T.W. was a child at the time of the events at issue.

Just as in *Plaintiff B v. Francis*, 631 F. 3d at 1318, T.W. was a minor when she was trafficked at the Econo Lodge. Courts recognize "the special status and vulnerability of the child-litigants" in assessing whether a minor plaintiff may proceed anonymously. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Taking all factors into consideration, T.W.'s age at the time of the events at issue weigh strongly in favor of allowing her to proceed anonymously.

**III.    T.W. fears for her safety if she is made to proceed without anonymity.**

Another factor considered by in the Eleventh Circuit is whether a plaintiff

may expect "extensive harassment and perhaps even violent reprisals if their

identities are disclosed." *Doe v. Stegall*, 653 F.2d at 186 (5th Cir. 1981).  In *Doe v.

Barrow County, Ga.*, the court considered the plaintiff's statements in his affidavit

that he feared community retaliation for filing his lawsuit, which dealt with a

challenge to a display of the Ten Commandments. 219 F.R.D. at 194.

T.W.'s fear of retaliation from sex traffickers and their associates who have

already been violent with her is much less speculative.  T.W. has already suffered

substantial psychological harm at the hands of her sex traffickers and continues to

live in constant fear of them.  She remains fearful that proceeding with this

litigation without the protection of anonymity would expose her to violent

retaliation, now or in the future. The threat of such "violent reprisals" should weigh

in favor of this Court's grant of Plaintiff's motion.

**IV.    The public interest in revealing T.W.'s identity is weak.**

As the *Stegall* Court said, "[t]he equation linking the public's right to attend

trials and the public's right to know the identity of the parties is not perfectly

symmetrical," and "[p]arty anonymity does not obstruct the public's view of the

issues joined or the court's performance in resolving them."  653 F. 2d 180 at 185.

Here, the public interest in knowing T.W.'s identity furthers no significant

purpose. However, T.W.'s desire to remain anonymous is compelling. Not only

will T.W. herself be deterred from pursuing the present litigation if she is forced to

reveal her identity, but such a decision will also have a chilling effect on other

victims' willingness to come forward with a lawsuit.

## V.    T.W.'s anonymity does not pose a unique threat of fundamental unfairness to Defendant.

In *Plaintiff B*, the Eleventh Circuit found the defendants were not prejudiced

by the plaintiffs' anonymity, weighing in favor of granting plaintiffs' motion to

proceed anonymously, where the defendants were aware of the plaintiffs' identities

and were not barred from conducting a full range of discovery in building a

defense for trial.  631 F.3d at 1319.  Likewise, T.W. will disclose her identity to

Defendant and fully participate in discovery once an appropriate protective order is

in place to protect T.W. and limit the dissemination of sensitive and highly

intimate evidence in T.W.'s possession.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Plaintiff's Motion for

Protective Order and Leave to Proceed Anonymously, and should further order that

all materials filed in this action, all judgments, and any other documents relating to

this action shall refer to Plaintiff as T.W., without additional identifying

information.  A proposed Order is submitted herewith for the Court's

consideration.

This 27th day of March, 2025.

Respectfully submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

**ANDERSEN, TATE & CARR, P.C.**

/s/ Patrick J. McDonough
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Attorneys for Plaintiff

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing ***Plaintiffs Motion for Protective Order and Leave to Proceed Anonymously and Brief in Support Thereof*** has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA.  Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700 (Telephone)
(404) 842-7710 (Fax)