IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.W.,<br><br>          Plaintiff,<br><br>     v.<br><br>SAS HOTELS, LLC,<br><br>          Defendant. | CIVIL ACTION FILE NO.<br>1:25-CV-01636-LMM |

## DEFENDANT SAS HOTELS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW DEFENDANT SAS HOTELS, LLC and hereby responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

No act or omission of SAS proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff; therefore, Plaintiff has no right of recovery against SAS.

### THIRD DEFENSE

SAS breached no duty owed to Plaintiff and has complied with all applicable federal and Georgia law.

## FOURTH DEFENSE

The injuries complained of by Plaintiff, if any, were caused by the acts or omissions of third persons over whom SAS had no control and, therefore, as for whose acts SAS has no liability.

## FIFTH DEFENSE

The injuries and damages alleged by Plaintiff were caused in whole or in part by other persons or entities, including without limitation: Plaintiff's alleged unidentified trafficker; any other persons who trafficked Plaintiff; any persons or entities with liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1595(a). The addresses of those persons and entities are not currently known to SAS. These persons or entities are at fault for the injuries alleged by Plaintiff because they trafficked her and caused the injuries for which she seeks damages. SAS is entitled to and hereby gives its notice of its intent to seek apportionment under O.C.G.A. §51-12-33.

## SIXTH DEFENSE

Plaintiff failed to join indispensable parties for just adjudication.

## SEVENTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided any injury allegedly sustained, and, on account thereof, Plaintiff is not entitled to recover alleged damages from SAS.

## EIGHTH DEFENSE

Plaintiff cannot recover against SAS because Plaintiff has been comparatively negligent.

## NINTH DEFENSE

Plaintiff was comparatively negligent, and any award against SAS must be reduced by the percentage commensurate with the degree of negligence or fault attributable to Plaintiff or barred completely.

## TENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, SAS asserts the affirmative defenses of Plaintiff's failure to mitigate, failure to avoid consequences, last clear chance, release, res judicata, estoppel, unclean hands, laches, statute of limitations, lack of personal jurisdiction, and waiver.

## ELEVENTH DEFENSE

SAS has at all times acted in good faith with respect to Plaintiff's claims, and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expenses. Therefore, Plaintiff is not entitled to attorney's fees under 18 U.S.C. § 1595(a), O.C.G.A. §13-6-11, O.C.G.A. §9-15-14, or O.C.G.A. §9-11-68(e).

## TWELFTH DEFENSE

The alleged acts, if any, and omissions, if any, of Defendants did not approach willful, wanton, intentional, malicious, reckless indifference, and/or negligence and, therefore, punitive damages are not warranted.

## THIRTEENTH DEFENSE

If any punitive damages were warranted, they would be capped at $250,000.00.

## FOURTEENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to SAS in this lawsuit, to the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution, and the imposition of punitive damages against SAS in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## FIFTEENTH DEFENSE

SAS reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

## SIXTEENTH DEFENSE

SAS responds to the numbered paragraphs in Plaintiff's Complaint as follows:

1.

SAS admits that Plaintiff asked to proceed by her initials and that, in a limited fashion, SAS does not object to that. (See response to Plaintiff's Motion). SAS denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

2.

SAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

3.

It is denied that Plaintiff was trafficked at any SAS property, but it is admitted that SAS owned and managed an Econo Lodge at 4874 Old Navy Hwy, College Park, Fulton County, Georgia 30337. The remaining allegations contained in paragraph 3 of Plaintiff's Complaint are denied.

4.

SAS admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

The allegations contained in paragraph 5 of Plaintiff's Complaint constitute legal conclusions which require no response from SAS.

6.

The allegations contained in paragraph 6 of Plaintiff's Complaint constitute legal conclusions which require no response from SAS.

7.

The allegations contained in paragraph 7 of Plaintiff's Complaint constitute legal conclusions which require no response from SAS.

## **SEX TRAFFICKING ALLEGATIONS**

8.

The allegations contained in the first sentence of paragraph 8 of Plaintiff's Complaint constitute legal conclusions which require no response from SAS. SAS denies the allegations contained in the second sentence of paragraph 58of Plaintiff's Complaint constitute legal conclusions which require no response from SAS.

9.

SAS denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

SAS denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

SAS denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

The allegations contained in paragraph 12 of Plaintiff's Complaint are taken from a written document, the contents of which speak for themselves. SAS denies any allegations inconsistent with said allegations and objects to any allegations that are immaterial to this case and/or unnecessarily inflammatory.

13.

SAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

14.

SAS denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

SAS denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

SAS denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

SAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

18.

SAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

19.

SAS denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

SAS denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

SAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

22.

SAS denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

SAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

24.

SAS denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

SAS denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

SAS denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

SAS denies the allegations contained in paragraph 27 and all subparts therein of Plaintiff's Complaint.

28.

SAS denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

**DEFENDANT'S ROLE**

29.

SAS admits it owned and operated the Econo Lodge. SAS denied the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

SAS denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

SAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

## COUNT I
## ALLEGED STATUTORY LIABILITY: SEX TRAFFICKING
## AT THE ECONO LODGE
## 18 U.S.C. § 1595

32.

SAS incorporates and reasserts the responses provided to paragraphs 1 through 31 of Plaintiff's Complaint as if fully restated and set forth herein.

33.

SAS denies the allegations contained in paragraph 33 and all subparts therein of Plaintiff's Complaint.

34.

SAS denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

SAS denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

SAS denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

SAS denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

SAS denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

SAS denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

SAS denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

SAS denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.

SAS denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

## **DAMAGES**

43.

SAS incorporates and reasserts the responses provided to paragraphs 1 through 43 of Plaintiff's Complaint as if fully restated and set forth herein.

44.

SAS denies the allegations contained in paragraph 44 and all subparts therein of Plaintiff's Complaint.

45.

SAS denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.

SAS denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.

SAS denies the allegations contained in the last, unnumbered paragraph of Plaintiff's Complaint and denies that it is liable to Plaintiff in any amount or any matter whatsoever.

48.

Any allegation contained in Plaintiff's Complaint which has not heretofore been specifically admitted or otherwise denied is hereby DENIED.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant SAS Hotels, LLC respectfully requests that this Court dismiss it with prejudice with all costs cast against Plaintiff.

In the absence of the relief requested, Defendant SAS Hotels, LLC demands a trial by jury of twelve (12) person to try all issues so triable.

Respectfully submitted this 8th day of May, 2025.

                MCANGUS GOUDELOCK & COURIE, LLC

                /s/ Kathryn S. Whitlock

                KATHRYN S. WHITLOCK
                Georgia Bar No. 756233
                kate.whitlock@mgclaw.com
                THOMAS D. WHIDDON
                Georgia Bar No. 330536
                thomas.whiddon@mgclaw.com
                Post Office Box 57365
                270 Peachtree Street, NW, Suite 1800 (30303)
                Atlanta, Georgia 30343
                (678) 500-7307
                *Attorneys for Defendant SAS Hotels, LLC*

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B), NDGa:

Times New Roman (14 point).

This the 8th day of May, 2025.

>MCANGUS GOUDELOCK & COURIE, LLC
>
>/s/ Kathryn S. Whitlock
>_____
>KATHRYN S. WHITLOCK
>Georgia Bar No. 756233
>kate.whitlock@mgclaw.com
>THOMAS D. WHIDDON
>Georgia Bar No. 330536
>thomas.whiddon@mgclaw.com
>Post Office Box 57365
>270 Peachtree Street, NW, Suite 1800 (30303)
>Atlanta, Georgia 30343
>(678) 500-7307
>*Attorneys for Defendant SAS Hotels, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendant SAS Hotels, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint* was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

| | |
|---|---|
| LAW & MORAN | ANDERSEN, TATE & CARR, P.C. |
| Peter A. Law | Patrick J. McDonough |
| pete@lawmoran.com | pmcdonough@atclawfirm.com |
| E. Michael Moran | Jonathan S. Tonge |
| mike@lawmoran.com | jtonge@atclawfirm.com |
| Denise D. Hoying | One Sugarloaf Centre |
| denise@lawmoran.com | 1960 Satellite Boulevard, Suite 4000 |
| 563 Spring Street, NW | Duluth, Georgia 30097 |
| Atlanta, Georgia 30308 | |

This the 8th day of May, 2025.

MCANGUS GOUDELOCK & COURIE, LLC

/s/ Kathryn S. Whitlock

KATHRYN S. WHITLOCK
Georgia Bar No. 756233
kate.whitlock@mgclaw.com
THOMAS D. WHIDDON
Georgia Bar No. 330536
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*