IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.W., <br><br> Plaintiff, <br><br> v. <br><br> SAS HOTELS, LLC, <br><br> Defendant. | CIVIL ACTION FILE NO. <br> 1:25-CV-01636-LMM |

## DEFENDANT SAS HOTELS, LLC'S INITIAL DISCLOSURES

**COMES NOW SAS Hotels, LLC**, Defendant in the above-styled action and hereby submits its Initial Disclosures pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1 of the United States District Court for the Northern District of Georgia, as follows:

**1.   If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended Summons and Complaint reflecting the information furnished in this disclosure response.**

Without admitting any liability for the claims asserted and damages claimed in this matter, Defendant SAS states that its corporate name is correctly stated in the style of the Complaint.

2.  **Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the names for Defendant's contention.**

It is Defendant SAS's position that Plaintiff's alleged trafficker, who is unidentified, may be a necessary party to this action. Pending further discovery, other unknown owners, occupiers and operators of property(ies), such as other hotels, where Plaintiff was allegedly subjected to sex trafficking may be necessary parties. Additionally, it is Defendant SAS's position that O.C.G.A §51-12-33 should apply to this action and Defendant SAS reserves the right to name non-parties to whom the jury may apportion fault for the damages sought herein, should that become appropriate during discovery. Defendant SAS's investigation into this matter and the claims asserted by Plaintiff is presently at its earliest stage, remains ongoing, and Defendant SAS reserves the right to supplement or amend these responses.

3.  **Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by Defendant in the responsive pleading.**

The facts upon which Defendant SAS relied in asserting the affirmative defenses are plain from the face of the Answer. To the extent discovery is needed to prove the defenses, that will be done during the discovery process. The events about which Plaintiff complains allegedly happened years ago and this Defendant

has not owned the subject property for years. This Defendant did not engage in sex trafficking.

4. **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends is applicable to this action.**

   U.S. Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§1591, 1595, may apply.

5. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.**

   Defendant SAS's investigation into this matter and the claims asserted by Plaintiff are in very early stages, are ongoing, and Defendant SAS reserves the right to supplement or amend these responses. At this juncture:

   a. Plaintiff;

   b. Plaintiff's unidentified trafficker and/or his possible associate(s);

   c. Mohammed Awal, who may be contacted through undersigned counsel;

   d. Plaintiff's treating physicians and witnesses identified by Plaintiff; and

   e. Witnesses needed for impeachment.

6. **Provide the name of any person who may be used at trial to present evidence under Rules 702; 703; or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a) (2) (B), provide a separate written report satisfying the provisions of that rule.**

   Defendant SAS has not yet made a determination about expert witnesses.

7. **Provide a copy of, or description by category and location of, all documents, data, compilations, and tangible things in your possession, custody or control that are relevant to disputed facts alleged with particularity in the pleadings.**

    Defendant SAS states its investigation into this matter are only beginning, so it is not able to identify all documents at this time. Subject to and without foregoing the above, Defendant SAS identifies and contemporaneously served the following to counsel for Plaintiff:

    1. Defendant SAS's insurance policy, The Travelers Indemnity Company policy number I-660-9C39536A-TIA-13; and

    2. Defendant's U.S. Department of Housing & Urban Development Settlement Statement and Acknowledgment of Receipt, February 19, 2023.

8. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or description by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary materials available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to this Initial Disclosure as Attachment "D".)**

    Defendant SAS is not seeking damages in this matter.

9. **If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

    Please see Responses to No. 2 above.

**10.    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to this Initial Disclosure as Attachment "E".)**

Defendant SAS contemporaneously served copies of the known and believed-to-be applicable insurance policies to counsel of record for Plaintiff in this matter.

Respectfully submitted this 16th day of June, 2025.

                        MCANGUS GOUDELOCK & COURIE, LLC

                        */s/ Kathryn S. Whitlock*
                        KATHRYN S. WHITLOCK
                        Georgia Bar No. 756233
                        kate.whitlock@mgclaw.com
                        THOMAS D. WHIDDON
                        Georgia Bar No. 330536
                        thomas.whiddon@mgclaw.com
                        Post Office Box 57365
                        270 Peachtree Street, NW, Suite 1800 (30303)
                        Atlanta, Georgia 30343
                        (678) 500-7307
                        *Attorneys for Defendant*

In accord with Fed. R. Civ. P. 11, Defendant states that this signature block is attached to *Defendant SAS Hotels, LLC's Initial Disclosures,* Civil Action File No. 1:25-CV-01636-LMM, United States District Court for the Northern District of Georgia, Atlanta Division.

**CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B), NDGa:

Times New Roman (14 point).

This the 16th day of June, 2025.

                    MCANGUS GOUDELOCK & COURIE, LLC

                    */s/ Kathryn S. Whitlock*
                    KATHRYN S. WHITLOCK
                    Georgia Bar No. 756233
                    kate.whitlock@mgclaw.com
                    THOMAS D. WHIDDON
                    Georgia Bar No. 330536
                    thomas.whiddon@mgclaw.com
                    Post Office Box 57365
                    270 Peachtree Street, NW, Suite 1800 (30303)
                    Atlanta, Georgia 30343
                    (678) 500-7307
                    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ***Defendant SAS Hotels, LLC's Initial Disclosures*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

| | |
|---|---|
| LAW & MORAN | ANDERSEN, TATE & CARR, P.C. |
| Peter A. Law | Patrick J. McDonough |
| pete@lawmoran.com | pmcdonough@atclawfirm.com |
| E. Michael Moran | Jonathan S. Tonge |
| mike@lawmoran.com | jtonge@atclawfirm.com |
| Denise D. Hoying | One Sugarloaf Centre |
| denise@lawmoran.com | 1960 Satellite Boulevard, Suite 4000 |
| 563 Spring Street, NW | Duluth, Georgia 30097 |
| Atlanta, Georgia 30308 | |

This the 16th day of June, 2025.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
KATHRYN S. WHITLOCK
Georgia Bar No. 756233
kate.whitlock@mgclaw.com
THOMAS D. WHIDDON
Georgia Bar No. 330536
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant*