IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.W.,<br><br>Plaintiff,<br><br>v.<br><br>SAS HOTELS, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:25-CV-01636-LMM |

**DEFENDANT SAS HOTELS, LLC'S BRIEF IN SUPPORT OF MOTION TO STRIKE**

**COMES NOW Defendant SAS Hotels, LLC** and submits this Brief in Support of its Motion to Strike portions of Plaintiff's Complaint, showing the Court as follows:

## I. FACTUAL BACKGROUND

Plaintiff filed her Complaint on March 27, 2025. She alleges that SAS, the former franchisee of an Econo Lodge in College Park, Fulton County, Georgia, violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §1595(a) ("TVPRA") and is liable to her because of that. (*See*, *generally*, Dkt. #1, ¶¶13, 33-42). In an effort to generate sympathy and anger, Plaintiff includes a number of allegations in her Complaint that are improper. They are not part of, "a short and plain statement of the grounds for the court's jurisdiction, …a short and

plain statement of the claim showing that the pleader is entitled to relief; [or]… a demand for the relief sought….” Fed. Rules Civ. Proc. 8. Consequently, they should be stricken from the Complaint.

## II. <u>ARGUMENT & CITATION OF AUTHORITY</u>

This Court may strike from a pleading any portion that is “immaterial, impertinent, or scandalous.” Fed. R. Civ. P. 12(f)(2); *Williams v. Gate Gourmet, Inc.*, 2010 U.S. Dist. LEXIS 150213, 2010 WL 11508722, at *1 (N.D. Ga. Jul. 29, 2010). “The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters.” *Doe v. Red Roof Inns, Inc.*, 2020 U.S. Dist. LEXIS 67142, at *6, 13 (N.D. Ga. April 13, 2020) (citing *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017)) (granting a motion to dismiss where the allegations in the Complaint were “full of conclusions and short on specific facts”); *Stephens v. Ga. DOT*, 134 Fed. Appx. 320, 322-23 (11th Cir. 2005) (granting motion to strike portions of pleading that were “immaterial, impertinent, or scandalous matter.”); *see, also, United States v. Northcutt*, 2008 U.S. Dist. LEXIS 3383, 2008 WL 162753, at *6 (S.D. Fla. Jan. 16, 2008) (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)) (striking “clearly unnecessary language in an indictment that could serve only to inflame the injury, confuse the issues, and blur the elements necessary for conviction”).

Under Rule 12(f) "immaterial" matter is matter that has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Gilbert v. Eli Lily Co., Inc.*, 56 F.R.D. 116, 120 n.5 (D.P.R. 1972). "'Impertinent' matter under Rule 12(f) consists of any allegation neither responsive nor relevant to the issues involved in the action, and which could not be put in issue or be given in evidence between the parties.' … ("[a] statement of matters applied to facts which do not belong to the matter in question, and which is not necessary to the matter in question.")." *Walker v. Progressive Select Ins. Co.*, 2022 U.S. Dist. LEXIS 256243, *2 (N.D. Fl. March 4, 2022). Allegations are scandalous if they "bear[] no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)." This Court exercises broad discretion when considering a motion to strike within these parameters. *See*, *Brown v. Joiner Intern., Inc.*, 523 F. Supp. 333, 336 (S.D. Ga. 1981).

In this case, exercising that broad discretion, the Court should strike paragraphs 10, 12, 17, 18, 24, 25, 26, 27, and 33 of Plaintiff's Complaint. The operative question in this TVPRA case is whether:

> [D]efendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021); 18 U.S.C. §1595(a). The allegations in the referenced paragraphs do not advance or shed light on these elements. They serve solely to enrage the reader and prejudice SAS:

> Paragraph 10: Generalized allegations about sex trafficking in Atlanta;
>
> Paragraph 12: Generalized allegations about sex trafficking at hotels;
>
> Paragraphs 17, 18: Allegations about persons other than Plaintiff;
>
> Paragraphs 24, 25: Generalized allegations about other alleged crimes on the premises;
>
> Paragraphs 26, 27: Generalized allegations about hearsay that SAS may or may not have seen, and none of which address or allege sex trafficking; and
>
> Paragraph 33: Generalized allegations about signs of sex trafficking at hotels that are not associated with SAS or Plaintiff.

Allowing these allegations to remain in the Complaint serves to prejudice SAS by confusing the issues in this case and seeking improperly to expand the scope of evidence to be considered by the factfinder. *See, Northcutt*, 2008 U.S. Dist. LEXIS 3383 at *6.

## III. CONCLUSION

In order to avoid undue prejudice and factfinder confusion, Defendant SAS Hotels, LLC asks that this Court grant its Motion, strike from the record paragraphs 10, 12, 17, 18, 24, 25, 26, 27, and 33 of Plaintiff's Complaint, and

direct that they not be shown or read to the Court, any witness, any jury as part of the Complaint. Fed. R. Civ. P. 12(f)(2).

Respectfully submitted this 7th day of July, 2025.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
KATHRYN S. WHITLOCK
Georgia Bar No. 756233
kate.whitlock@mgclaw.com
THOMAS D. WHIDDON
Georgia Bar No. 330536
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*

**CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B), NDGa:

Times New Roman (14 point).

This the 7th day of July, 2025.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
KATHRYN S. WHITLOCK
Georgia Bar No. 756233
kate.whitlock@mgclaw.com
THOMAS D. WHIDDON
Georgia Bar No. 330536
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ***Defendant SAS Hotels, LLC's Brief in Support of Motion to Strike*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

LAW & MORAN
Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
Denise D. Hoying
denise@lawmoran.com
563 Spring Street, NW
Atlanta, Georgia 30308

ANDERSEN, TATE & CARR, P.C.
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

This the 7th day of July, 2025.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
KATHRYN S. WHITLOCK
Georgia Bar No. 756233
kate.whitlock@mgclaw.com
THOMAS D. WHIDDON
Georgia Bar No. 330536
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*