IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| T.W., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:25-cv-01636-LMM |
| SAS HOTELS, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case comes before the Court on Defendant's Motion to Strike [19] and Motion for Leave to File Strike Out of Time [20]. After due consideration, the Court enters the following Order.

## I.     BACKGROUND

This case arises out of the alleged sex trafficking of a minor, Plaintiff T.W., at Defendant SAS Hotels, LLC's Econo Lodge. Dkt. No. [1] ¶¶ 1, 13. Plaintiff brought the instant complaint against Defendant, claiming that Defendant is directly and vicariously liable for violating the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Id. ¶¶ 32–42. Specifically, Plaintiff claims that Defendant participated in a commercial venture that involved acts which violated the TVPRA and that Defendant had actual or

constructive knowledge of such activity. Id. Defendant now moves to strike several allegations in Plaintiff's Complaint. Dkt. No. [19].

## II. LEGAL STANDARD

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking a pleading is a 'drastic remedy' that courts should use 'sparingly' and 'only when required for the purposes of justice.'" Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 1:10-cv-3008-AT, 2011 WL 5829674, at *2 (N.D. Ga. Aug. 1, 2011) (quoting NCI Grp., Inc. v. Cannon Servs., Inc., No. 1:09-cv-0441-BBM, 2009 WL 2411145, at *20 (N.D. Ga. Aug. 4, 2009)); see also Mathis v. Velsicol Chem. Corp., 786 F. Supp. 971, 974 (N.D. Ga. 1991) (noting that Rule 12(f) motions are "disfavored"). A motion to strike will be denied "unless the allegations have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Ekokotu v. Fed. Express Corp., No. 1:08-cv-3238-BBM-GGB, 2009 WL 10668643, at *3 (N.D. Ga. Mar. 26, 2009) (citation modified).

## III. DISCUSSION

Defendant moves to strike several allegations in Plaintiff's Complaint, arguing that these allegations have no relation to Plaintiff's claims and are included "solely to enrage the reader and prejudice" Defendant. Dkt. No. [19-1] at 3–4. Plaintiff responds that the allegations identified by Defendant involve relevant information "to Defendant's knowledge of sex trafficking generally and

sex trafficking at its hotel specifically." Dkt. No. [24] at 1–2. Because striking allegations in a complaint is a drastic remedy and Plaintiff's allegations bear at least some relation to the issues in this case, Plaintiff argues that the Court should deny Defendant's Motion. Id. at 1–9. The Court agrees with Plaintiff.

Defendant's Motion targets nine allegations from Plaintiff's Complaint. Dkt. No. [19-1] at 2–5. Each of these allegations bear an obvious or—at minimum—plausible relationship to the issues to be decided in this case. Specifically, the allegations identified by Defendant concern: (a) information Defendant knew or should have known about the prevalence of sex trafficking generally;[1] and (b) information Defendant knew or should have known regarding sex trafficking and related warning signs at the Econo Lodge.[2] Id. Both categories of allegations are relevant to determining Defendant's actual or constructive knowledge surrounding the alleged sex trafficking of Plaintiff. Thus, without addressing the truth of these allegations, the Court finds that they are sufficiently connected to the controversy to survive Defendant's Motion to Strike. The Court therefore declines to strike these allegations.

---

[1] See Dkt. No. [1] ¶¶ 10, 12, 33 (noting the prevalence of sex trafficking in Atlanta, the "particularly attractive" nature of hotels for such activity, and the common warning signs that indicate the presence of such activity).

[2] See id. ¶¶ 17–18, 24–27 (describing the conditions of—and Defendant's hotel's public reputation for—frequent activity relating to sex trafficking on the premises).

## IV. CONCLUSION

In accordance with the foregoing, Defendant's Motion to Strike [19] is **DENIED**. Defendant's Motion for Leave to File Strike Out of Time [20] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 9th day of October, 2025.

_____
**Leigh Martin May**
**Chief United States District Judge**